UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
YESSUH SUHYES HUSSEY,

                Plaintiff,   **MEMORANDUM & ORDER**
                                                                                                      23-CV-527 (PKC)

    -against-

THE CITY OF NEW YORK POLICE
DEPARTMENT, Communications Division
Tape and Record Unit,

                Defendant.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Yessuh Suhyes Hussey, who is currently held at the Anna M. Kross Center on Rikers Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed, and Plaintiff is granted 30 days' leave from the date of this Memorandum & Order to submit an Amended Complaint.

## BACKGROUND

      Plaintiff brings this action against the New York City Police Department ("NYPD") alleging that the NYPD Communications Division is withholding evidence that he was falsely arrested and brutalized numerous times. (Dkt. 1 ("Compl."), at 4.) Plaintiff alleges that he experienced "multiple kicks, punches, kneeing and slamming of my body, and severe pushing of my head into the ground, numerous sexual harassments from police officers that was forced & unconsented, & numerous attempts & threats from police officers that they would take my life, & more recently arrest due to false statements." (*Id*. at 4–5.) Plaintiff seeks money damages and discovery regarding his arrests. (*Id*. at 5.)

---

[1] Plaintiff filed eight complaints on the same day.

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Similarly, under 28 U.S.C. § 1915(a), a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915(a).

**DISCUSSION**

I.   <u>Rule 8</u>

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-

2

defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).

The entirety of Plaintiff's allegations regarding the lone named Defendant, the New York Police Department Tape & Records Unit, is that it "is withholding & keeping information that proves through vivid audio & visuals that I have been, or was arrested numerous times." (Dkt. 1, at ECF 4.) In the absence of any further basis for his claim that the NYPD is withholding information from him, Plaintiff's allegation is the kind of "naked assertion devoid of further factual enhancement" that Rule 8 prohibits. This claim is therefore dismissed as failing to state a claim.

**II.     Section 1983**

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274

F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

The New York City Charter provides that "all actions and proceedings for the recovery of penalties for violation of any law shall be brought in the name of the City of New York and not that of any agency except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. The NYPD is an organizational subdivision of the City of New York and, as such, is not an entity that can be sued. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Antonetti v. City of New York*, No. 20-CV-5109 (BMC) (JRC), 2022 WL 1105172, at *2 (E.D.N.Y. Apr. 13, 2022); *Salaam v. City of New York*, No. 21-CV-3172 (EK) (LB), 2021 WL 3472660, at *1 (E.D.N.Y. Aug. 6, 2021). Therefore, all claims against the New York City Police Department are dismissed.

## LEAVE TO AMEND

In light of this Court's duty to liberally construe *pro se* complaints, the Court will allow Plaintiff thirty (30) days to file an amended complaint that complies with Rule 8(a) of the Federal Rules Civil Procedure. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). In any amended complaint, Plaintiff must set forth the legal basis and factual allegations in a clear and concise manner in order to support his claim against each defendant he names. Additionally, Plaintiff must state the relief that he is seeking with respect thereto.

Plaintiff must name as the defendants in the caption and in the "Statement of Claim" those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff seeks to bring a false arrest claim, he must state the date and location of his arrest and name the arresting officer(s) as a defendant. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. For each defendant named, Plaintiff should include a brief description of what each defendant did

or failed to do, the date, including the year, that the incident occurred, where the defendant is employed, and how the defendant's acts or omissions caused Plaintiff injury. Claims related to alleged events that occurred in New York County should be filed in the United States District Court for the Southern District of New York, and not in this court.

Plaintiff is advised that any amended complaint he elects to file will completely replace, not supplement, the original complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order: 23-CV-527 (PKC).

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915a. Plaintiff is granted thirty (30) days' leave from the date of this Memorandum and Order to file an Amended Complaint as detailed above.

Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If Plaintiff fails to amend the Complaint within 30 days as directed by this Order, or cure the deficiencies discussed herein, judgment shall be entered.

The Clerk of Court is directed to mail a copy of this Memorandum & Order to Plaintiff, along with a prisoner §1983 form complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: March 13, 2023
  Brooklyn, New York