UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
YESSUH SUHYES HUSSEY,

        Plaintiff,

-against-

THE CITY OF NEW YORK POLICE
DEPARTMENT, Communications Division
Tape and Record Unit,

        Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-527 (PKC)

PAMELA K. CHEN, United States District Judge:

    Plaintiff Yessuh Suhyes Hussey, a serial filer, brings this *pro se* action pursuant to 42 U.S.C. § 1983.[1] The Court vacates its March 13, 2023 Memorandum and Order dismissing the Complaint and granting Plaintiff leave to file an amended complaint in this matter.[2] (Dkt. 6.) For the reasons stated below, the Complaint is dismissed.

## BACKGROUND

    Plaintiff brings this action against the New York City Police Department ("NYPD") alleging that the NYPD Communications Division is withholding evidence that he was falsely arrested and brutalized numerous times. (Dkt. 1 ("Compl."), at 4.) Plaintiff alleges that he experienced "multiple kicks, punches, kneeing and slamming of my body, and severe pushing of my head into the ground, numerous sexual harassments from police officers that was forced & unconsented, & numerous attempts & threats from police officers that they would take my life, &

---

[1] At the time of filing, Plaintiff was being held at the Anna M. Kross Center on Rikers Island, but was released from custody on March 2, 2023. *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited April 11, 2023).

[2] Plaintiff has not filed an amended complaint and it does not appear that Plaintiff ever received a copy of this Order, as he had been released from custody when it was issued and mailed. The Court did not have any other address on record for Plaintiff at the time.

1

more recently arrest due to false statements." (*Id*. at 4–5.) Plaintiff seeks money damages and discovery regarding his arrests. (*Id*. at 5.)

## DISCUSSION

Plaintiff has filed at least 60 cases in recent months, including over 50 cases since this case was filed and 43 cases on the same day. The Court has reviewed this complaint anew, as well as the relevant legal standards. The claims filed in this action have been alleged by Plaintiff in many of his other actions and this complaint does not raise any new allegations. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DENIAL OF LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once. . . ."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-CV-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting leave to amend would be futile and declines to do so.

## FILING INJUNCTION WARNING

The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations

omitted). As previously noted, Plaintiff has filed at least 60 complaints in recent months, including 43 complaints on the same day.

Plaintiff is therefore warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

Accordingly, the Court's March 13, 2023 Memorandum and Order dismissing the Complaint and granting Plaintiff leave to file an amended complaint in this matter is VACATED, and the Complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: May 15, 2023
Brooklyn, New York

3